**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

TAMARA FARMER, )
                                                  )
                Plaintiff, )
                                                  )    **CIVIL ACTION**
v. )
                                                  )    **No. 09-2505-JWL**
                                                  )
**MICHAEL J. ASTRUE,** )
**Commissioner of Social Security,** )
                                                  )
                Defendant. )
_____ )

**MEMORANDUM AND ORDER**

Presently before the court is plaintiff Tamara Farmer's motion (doc. 24) for an award of an attorney's fee under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $10,212.94,[1] for 65.75 hours of attorney time at $155.33 per hour. Defendant, the Commissioner of Social Security (hereinafter the Commissioner), does not oppose an award of EAJA fees, or the rate proposed, but maintains that the number of hours billed is excessive. The EAJA requires that attorney's fees, for which reimbursement is sought, must be "reasonable," pursuant to 28 U.S.C. § 2412(d)(2)(A), and the court has a duty to make an independent evaluation of the reasonableness of

---

[1]Plaintiff's motion sought $10,291.61 for 66.25 hours of attorney time. (doc. 24 at 2). However, in her reply (doc. 26 at 3 & n.4) Plaintiff amended the application to reflect 65.75 hours of attorney time

counsel's bill.  Hensley v. Eckerhart, 461 U.S. 424, 432-34 (1983).  Upon that evaluation, the court finds that fees should be awarded in the amount of $8,348.98.

I.      **Background**

Plaintiff was denied disability benefits by an administrative law judge (ALJ) and sought, but was denied review by the Appeals Council.  Plaintiff sought judicial review before this court pursuant to 42 U.S.C. § 405(g) which entitles the district court to review final decisions of the Commissioner.  Plaintiff argued before the court that the ALJ erred in evaluating her cognitive disorder and in evaluating the medical opinion evidence, and that the case should be remanded for an immediate award of benefits.  The court found the ALJ's error in weighing the medical source opinions dispositive of the case.  It found that the opinions of twelve treating health care providers which, if accepted, require a finding of disability, could not be overcome in these circumstances by the equivocal opinions of two health care providers who merely examined Plaintiff once each.  The court determined that the evidence as a whole supports but one conclusion, that Plaintiff is disabled within the meaning of the Act.  It reversed the Commissioner's decision and remanded with instructions to immediately award benefits to Plaintiff.

Because Plaintiff secured a judgment reversing the Commissioner's decision and remanding for an immediate award of benefits, she submitted an application pursuant to the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412, seeking an award of an attorney's fee.  Along with that application, she submitted an "itemization of time expended by Plaintiff's counsel" in prosecuting the case before this court.  (doc. 24 at 2

incorporating Exhibit A). Plaintiff's itemization includes 69.85 hours of attorney time, but she only seeks reimbursement for 65.75 hours and shows 4.10 hours of attorney time which she did not include in the total. (doc. 24, Ex. A).

The Commissioner concedes that an award of an attorney's fee under the EAJA is appropriate in this case but challenges the number of hours as unreasonable. He makes several arguments to show the hours spent were unreasonable. First, the Commissioner claims that experienced attorneys typically are awarded compensation for less than forty hours, not more than sixty. He asserts that Plaintiff's request for more than sixty hours and more than $10,000.00 "appears excessive on its face." Next, the Commissioner argues that plaintiff's counsel did not allege that the issues present in this case were novel or complex and, in fact, the issues argued here, severity of impairments and weight accorded medical source opinions, are present in nearly every Social Security disability case. He points out that counsel spent more time drafting the statement of facts than the argument section of the brief. The Commissioner argues that even though the record consists of 2,035 pages, it was unreasonable for counsel to spend twenty-five hours preparing a twenty-nine page statement of facts. He argues that counsel represented Plaintiff before the agency, that there are few handwritten notes in the record, and that experienced counsel should have been familiar with the record and better able to summarize the evidence. Last, the Commissioner notes the total bill for briefing is over $8,900.00, and cites cases in which courts in the District of Kansas have reduced the

number of hours when the case is routine and counsel is experienced. The Commissioner does not, however, suggest what is a reasonable number of hours in this case.

In her reply, Plaintiff cites a case from the Northern District of Illinois in which the court found 1.6 hour per page was reasonable for writing a fifteen-page brief, and argues that 1.1 hours per page for her forty-five page brief is also reasonable. (doc. 26 at 2) (citing <u>Dunn v. Shalala</u>, No. 92 C 4090, 1995 WL 23116 (N.D. Ill. Jan. 19, 1995)). Plaintiff notes the "sheer volume of records" at 2,035 pages, the ten-year span of the medical evidence, and the two administrative hearings, and argues that although counsel began representing Plaintiff after the first administrative hearing, "the depth and breadth of the record required additional time to adequately present the facts in a concise and sequential order." <u>Id.</u> She argues that the fact that it took less time to draft the arguments than the statement of facts reflects the experience of counsel, and the statement of facts required greater time because "each case is based on [a] unique set of facts that must be synthesized into a single understandable story." <u>Id.</u> at 2-3. Finally, she argues that because the case was at issue over six years, because the record was voluminous, and because it was necessary to review and discuss the opinions of many treating and examining physicians, "this case was neither simple nor routine." <u>Id.</u> at 3.

## II.    Discussion

### A.    <u>Legal Standard</u>

"[T]he fee applicant bears the burden of establishing entitlement to an award [of an attorney's fee] and documenting the appropriate hours expended and hourly rates. The

applicant should exercise 'billing judgment' with respect to hours worked." Eckerhart, 461 U.S. at 437. The court has a duty to reduce the hours submitted that were actually worked to hours that were reasonably expended. Id. The amount of attorney's fee to be awarded is a decision that lies within the court's discretion. Pierce v. Underwood, 487 U.S. 552, 571 (1988).

### B. Was this a typical case without complex issues?

The Commissioner claims that experienced attorneys typically are awarded compensation for less than forty hours, not more than sixty, that Plaintiff's request appears excessive on its face, and that the issues argued here, severity of impairments and weight accorded medical source opinions, are present in nearly every Social Security disability case. What "experienced attorneys" are "typically awarded" in Social Security cases speaks to the issue of an attorney's fee in a particular case in only the most general of terms. However, there is merit in the Commissioner's claim that severity of impairments and weight accorded medical source opinions are issues which appear prominently in many Social Security cases. On the other hand, Plaintiff's argument that the medical record spanned ten years, and that there were numerous medical source opinions from treating and examining health care professionals which had to be synthesized, offers a reason suggesting this case was nonetheless atypical. In fact, the court reversed the Commissioner's decision below, at least in part, because the ALJ discounted the opinions of twelve treating health care providers as "not consistent with the totality of the evidence," and failed to realize that through accumulation these

opinions had <u>become</u> the "totality of the medical evidence." In other words, the ALJ failed to look at the evidence as a whole. The court's consideration of these arguments tends to accord more weight to the Commissioners argument, but only slightly.

### C. Was the time spent drafting Plaintiff's brief unreasonable?

The Commissioner argues that counsel spent more time drafting the statement of facts than the argument section of the initial brief, and that it was unreasonable for counsel to spend twenty-five hours preparing a twenty-nine page statement of facts. He notes that counsel represented Plaintiff before the agency, that there are few handwritten notes in the record, and that experienced counsel should have been familiar with the record and better able to summarize the evidence. Plaintiff argues that the 1.1 hour per page required to write her brief is reasonable, that the fact it took less time to draft the arguments than the statement of facts reflects the experience of counsel, and the statement of facts required greater time because each case has a unique set of facts that must be synthesized into a single understandable story.

Here, the court agrees with the Commissioner. A twenty-nine page statement of facts is unreasonable in all but the most unusual Social Security Brief. It is not necessary for the statement of facts to include a summary of <u>all</u> of the facts. The court requires only "a concise statement of facts." D. Kan. Rule 7.6(a)(2). While Plaintiff is correct to note that each case has a unique set of facts, those unique facts must be presented in a concise statement. The court is not looking for a story in the statement of facts. Facts which are unnecessary and irrelevant to the issues argued should not be included. The place to

"synthesize" the facts or "tell the story," if necessary, is in the argument section of the brief. Neither the Commissioner nor Plaintiff should be billed for the time expended in summarizing unnecessary and irrelevant facts in order to tell a story. While the court's decision was based upon an extensive review of the facts with regard to the medical source opinions and the evidence relating thereto, much of Plaintiff's statement of facts was unreasonably excessive, and unnecessary to a decision on the issues presented in her brief.

### D. Is the total bill for briefing unreasonable?

Finally, the Commissioner argues that the total bill for briefing, at over $8,900.00, is unreasonable in a routine case where counsel is experienced. Plaintiff replied that 1.1 hours per page is not unreasonable to charge for writing a brief. The court tends to agree with Plaintiff in principal that 1.1 hours per page in general would not be an unreasonable time to spend writing a Social Security Brief. However, as discussed above, the court finds that the length of Plaintiff's statement of facts is unreasonably excessive in the circumstances. By extension, the forty-five page brief is unreasonably long also. The court finds that the statement of facts is unreasonably long by nearly half. Therefore, the court might have determined that Plaintiff's brief was fourteen pages too long, and reduced her attorney's time by 15.4 hours (14 pages X 1.1 hours per page). However, the Commissioner asserts that counsel billed over twenty-five hours for writing her statement of facts. (Doc. 25 at 3). Plaintiff does not object to the Commissioner's assertion. Therefore, the court finds that the time charged for completing the statement of facts was

excessive by twelve hours.  Consequently, the time billed by Plaintiff's counsel is reduced by twelve hours, and the court finds that 53.75 hours was reasonably expended in prosecuting this case before the court.  Therefore, a reasonable attorney's fee pursuant to the EAJA is $8,348.98 (53.75 X 155.33).

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion for Attorney Fees Pursuant to the Equal Access to Justice Act" (doc. 24) is GRANTED in part, and the Commissioner is ORDERED to pay Plaintiff an attorney's fee in the amount of $8,348.98.

Dated this 23rd day of November 2010, at Kansas City, Kansas.

s/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**